**Nos. 24-1109 (L); 24-1144**

In the

# United States Court of Appeals
## For the Federal Circuit

—————————

HONEYWELL INTERNATIONAL INC.; HAND HELD PRODUCTS, INC.; METROLOGIC INSTRUMENTS, INC.,

*Plaintiffs-Appellants,*

v.

OPTO ELECTRONICS CO., LTD.,

*Defendant-Cross-Appellant.*

—————————

On Appeal from the United States District Court
for the Western District of North Carolina
Case No. 3:21-cv-506-KDB-DCK

—————————

**REPLY TO MOTION TO DISMISS OR TRANSFER APPEALS
TO U.S. COURT OF APPEALS FOR THE FOURTH CIRCUIT**

—————————

Brian D. Schmalzbach
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
bschmalzbach@mcguirewoods.com

*Counsel for OPTO Electronics Co., Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

|   |   |
|---|---|
| **Case Number** | 24-1109; 24-1144 |
| **Short Case Caption** | Honeywell International Inc. v. OPTO Electronics Co., Ltd. |
| **Filing Party/Entity** | OPTO Electronics Co., Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 12/11/2023            Signature: /s/ Brian D. Schmalzbach

                                              Name: Brian D. Schmalzbach

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| OPTO Electronics Co., Ltd. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

ii

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| McGuireWoods LLP - Robert A. Muckenfuss | McGuireWoods LLP - Tyler T. VanHoutan | Reichman Jorgensen Lehman & Feldberg LLP - Christine E. Lehman |
| McGuireWoods LLP - Zachary L. McCamey | YorkMoodyFaulkner - York M. Faulkner | |
| McGuireWoods LLP - Jessica L. O'Brien | Reichman Jorgensen Lehman & Feldberg LLP - Connor S. Houghton | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑    Yes (file separate notice; see below)    ☐    No    ☐    N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

iii

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

I.    OPTO's Answer presents no question arising under "any
Act of Congress relating to patents." ........................................3

II.   OPTO's Answer presents no necessary or substantial
question under federal patent law. ............................................5

    A.    OPTO's counterclaim does not necessarily depend
on any question of patent law. .........................................5

    B.    OPTO's counterclaim presents no substantial
question of patent law. .....................................................8

CONCLUSION ..................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Christianson v. Colt Indus. Op. Corp.*,
    486 U.S. 800 (1988)................................................................4, 5, 6, 7

*FTC v. AbbVie Inc.*,
    976 F.3d 327 (3d Cir. 2020) ...............................................................6

*Illinois Tool Works, Inc. v. Indep. Ink, Inc.*,
    547 U.S. 28 (2006)...............................................................................3

*Jim Arnold Corp. v. Hydrotech Sys., Inc.*,
    109 F.3d 1567 (Fed. Cir. 1997) ..............................................7, 10, 12

*Kimble v. Marvel Enter.*,
    576 U.S. 446 (2015)...........................................................................12

*Nat'l Presto Indus., Inc. v. Dazey Corp.*,
    107 F.3d 1576 (Fed. Cir. 1997) ...........................................................4

*Old Dominion Elec. Co-op. v. PJM Interconnection, LLC*,
    24 F.4th 271 (4th Cir. 2022)..............................................................11

*Xitronix Corp. v. KLA-Tencor Corp.*,
    882 F.3d 1075 (Fed. Cir. 2018) ..................................................3, 8, 11

## Statutes

28 U.S.C. § 1295(a) ......................................................................1, 3, 13

28 U.S.C. § 1332(a) ...............................................................................5

28 U.S.C. § 1391 .....................................................................................5

35 U.S.C. § 112........................................................................................4

35 U.S.C. § 271(d) ..................................................................................5

**Other Authorities**

14C Charles A. Wright et al., Federal Practice & Procedure § 3734
(rev. 4th ed. 2021) ............................................................................11

## INTRODUCTION

The sole proffered basis for this Court's jurisdiction over these breach of contract appeals is Honeywell's assertion that one counterclaim requires adjudicating "patent enforceability."  But Honeywell ignores that the so-called "patent unenforceability" counterclaim under the patent misuse doctrine hinges on a *contractual license defense*:  Honeywell covenanted not to enforce its patents against OPTO's laser scanning products.  The unenforceability at issue here does not (1) implicate any substantial patent-law question such as inequitable conduct before the U.S. Patent and Trademark Office; (2) disturb the enforcement of Honeywell's patents against anyone but OPTO; or (3) affect the enforcement of those patents against any OPTO products other than the laser scanners at issue.  That is because the patent misuse issue here is grounded not in patent law, but in Delaware contract law that does not implicate this Court's appellate jurisdiction.  So this Court should dismiss the appeals for at least three reasons.

*First*, the patent misuse counterclaim does not arise under any "Act of Congress relating to patents."  28 U.S.C. § 1295(a)(1).  Nor does Honeywell identify any patent statute under which that equitable counterclaim

1

arises.  Instead, Honeywell asks the Court to ignore the statutory text and substitute a relaxed requirement for any patent-related source of law.  But Congress's chosen words control.  A counterclaim under judge-made law — even one that puts patent enforceability in play — does not trigger this Court's jurisdiction.

*Second*, the resolution of OPTO's counterclaim does not — as it must — "necessarily depen[d]" on resolution of any patent law question.  This patent misuse issue becomes relevant *only* under the district court's mistaken construction and application of the contract.  Correcting those errors of Delaware contract law will eliminate the need to address patent misuse *at all*.  This is true because when properly construed, the contract's definition of royalty-bearing products does not encompass OPTO's laser scanning products in the first place.  An issue that the Court need not reach is not one on which the counterclaim "necessarily depends."

*Third*, there is no substantial question of patent law at stake.  The question is limited to the contractual relationship between OPTO and Honeywell, concerning the interpretation and enforcement of Honeywell's broad contractual covenant not to sue over specific OPTO laser scanners.  That question thus is "limited to the parties and the patent[s] involved in

this matter." *Xitronix Corp. v. KLA-Tenecor Corp.*, 882 F.3d 1075, 1078 (Fed. Cir. 2018). And both the subsequent history of this case and the district court itself confirmed that OPTO's counterclaim in fact concerns the enforcement of the royalty provisions of this contract as to certain OPTO products—not the enforcement of any patent beyond Honeywell's covenant not to sue. Such a case thus presents no substantial question under any patent statute, and there is no basis to exercise this Court's jurisdiction here.

## I.    OPTO's Answer presents no question arising under "any Act of Congress relating to patents."

As relevant here, this Court's jurisdiction reaches only those compulsory counterclaims that arise under an "Act of Congress relating to patents." 28 U.S.C. § 1295(a); Motion 11–13. Honeywell does not even try to show any patent statute under which the "judicially created patent misuse doctrine" arises. *Illinois Tool Works, Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 31 (2006). Indeed, Honeywell concedes that "'patent misuse arises in equity.'" Opposition 7 (cleaned up). And Honeywell does not explain how "Act of Congress relating to patents" could require anything but a patent statute.

So Honeywell tries to side-step that statutory requirement altogether. Instead, it would substitute a judicial shorthand reference to "'federal patent

3

law.'"  Opposition 12 (quoting *Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800 (1988)).  That phrase, Honeywell supposes, somehow extended § 1295 to all claims touching on patents, whether or not arising under a federal patent statute.

But Congress's words control.  And *Christianson* itself confirms Congress's words: "the jurisdictional issue before us turns on whether this is a case 'arising under' *a federal patent statute*."  486 U.S. at 807 (emphasis added).  *Christianson*'s later shorthand reference to "federal patent law" does not excuse the jurisdictional requirement of arising under a patent statute.  Nor could it: "Federal courts simply may not presume to create jurisdiction where Congress declines to do so."  *Nat'l Presto Indus., Inc. v. Dazey Corp.*, 107 F.3d 1576, 1583 (Fed. Cir. 1997).  Indeed, *Christianson* did not even consider jurisdiction over nonstatutory patent claims.  Rather, it addressed jurisdiction based on a claim of patent invalidity under 35 U.S.C. § 112.  486 U.S. at 810–11.[1]

---

[1] *Christianson* ultimately held that there was no "arising under" jurisdiction because plaintiff could win on an antitrust theory unrelated to patent law. 486 U.S. at 810–11.

Honeywell gestures at 35 U.S.C. § 271(d), but cannot bring itself to say that OPTO's counterclaim arises under that patent statute. Opposition 8. Honeywell's reticence is justified. OPTO's Answer does not even cite that statute—or any other statute related to patents.[2] Nor does Honeywell dispute that the limitations in § 271(d) are irrelevant here. *See* Motion 15. Because there is thus no patent statute under which OPTO's counterclaim arises, the Court's jurisdictional analysis can end here.

## II. OPTO's Answer presents no necessary or substantial question under federal patent law.

In any event, this case presents neither a "necessary" nor a "substantial" question of patent law, let alone under a federal patent statute. The parties agree that the relevant patent question must be *both* necessary and substantial for this Court to exercise jurisdiction. Opposition 5; Motion 15.

### A. OPTO's counterclaim does not necessarily depend on any question of patent law.

OPTO s counterclaim does not raise a *necessary* question of federal statutory patent law. Motion 15; *Christianson*, 486 U.S. at 808 (federal law

---

[2] The only two federal statutes OPTO's Answer cites are the diversity and venue provisions, 28 U.S.C. §§ 1332(a) & 1391. Answer, Defense ¶¶ 6, 9.

must be a "necessary element of one of the well-pleaded … claims") (cleaned up).  Honeywell scarcely addresses this requirement.  That dooms its jurisdictional argument.

For a patent law question to be necessary, it must be "essential" to *every* theory in support of a claim.  *Christianson*, 486 U.S. at 811; *FTC v. AbbVie Inc.*, 976 F.3d 327, 347 (3d Cir. 2020) ("a claim supported by alternative theories in the complaint may not form the basis for [the Federal Circuit's exclusive jurisdiction] unless patent law is *essential to each* of those theories") (quoting *Christianson*, 486 U.S. at 810).  OPTO could (and should) succeed here without a court ever having to decide any patent misuse question.  Motion 15.

OPTO's counterclaim becomes relevant only if a court adopts Honeywell's misconstruction of the contract.  Thus, a court could (and should) dispose of the counterclaim (and this case as a whole) by ruling in OPTO's favor as to the contract's construction.  It is, and always has been, OPTO's position that Honeywell is *only* engaging in patent misuse if the Court accepts Honeywell's contract construction and royalty demands on

the sales of OPTO's laser scanning products.  Answer, Defenses ¶¶ 24–25; [3]

Tr. of MSJ Hearing 91 (Dkt. 204) (Counsel for OPTO: "It's only patent misuse

based on their reading of the contract as set forth in this litigation"); Motion

5–6.

    If, on the other hand, the Court were to (properly) construe the contract

in OPTO's favor, there would be no patent misuse.  This case thus would be

decided purely on state-law grounds without any reference to patent law.

*See, e.g.*, *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1574 (Fed. Cir.

1997) (finding no Federal Circuit jurisdiction over a case in which "in order

for the…court to reach the patent infringement claim, it first must resolve

[state law claim]").  As underscored by the Supreme Court in *Christianson*,

"a claim supported by alternative theories in the [pleading] may not form

the basis for § 1338(a) jurisdiction unless patent law is essential to each of

those theories."  486 U.S. at 810.  OPTO's patent misuse counterclaim can be

resolved by the proper construction of the contract's royalty provisions and

---

[3] Honeywell argues that OPTO focuses on it "patent misuse *defense*" rather than its "separate patent unenforceability counterclaim." Opposition 16 (cleaned up).  But the two are one and the same.  OPTO specifically incorporates its patent misuse defense into its patent misuse counterclaim. Answer, Counterclaims ¶ 59.

enforcement of Honeywell's contractual covenant not to sue without resort to patent law.

## B. OPTO's counterclaim presents no substantial question of patent law.

OPTO's patent misuse counterclaim does not present a *substantial* question of patent law either—even if the contract's royalty provisions are misconstrued as encompassing OPTO's laser scanning products. Motion 19–25. Any patent misuse issues are not substantial for purposes of this Court's jurisdiction for two reasons.

First, the patent misuse question here is not substantial because it looks backwards at one specific contractual relationship. *See* Motion 19–22. The issue is whether Honeywell's conditioning of its covenant not to sue on the presence or absence of non-patented product features in OPTO's laser scanning products is an unlawful extension of Honeywell's expired patents and the patents included in its covenant not to sue. Motion 7. That contract-based question does not implicate this Court's specialized jurisdiction. And resolving that issue in OPTO's favor would result in an outcome "limited to the parties and the patent[s] involved in this matter." *Xitronix Corp.*, 882 F.3d at 1078.

8

The result would be "limited to the parties and the patent[s] involved in this matter" because the relief that OPTO seeks arises exclusively from the parties' contract. The unenforceability sought in OPTO's counterclaim is narrowly confined to Honeywell's contractual covenant not to sue based on OPTO's sales of *laser scanning products*. Answer, Counterclaims ¶ 69 (Honeywell misused its licensed patents by "imposing royalties on OPTO 1D laser scanning barcode readers that are immune from royalties and suit under the covenant not to sue").[4] Indeed, OPTO's Answer confirms that OPTO does not contest the enforceability of any contractual royalty obligation regarding its sales of 2D imaging products. Answer, Counterclaims ¶ 42 ("OPTO timely and fully paid all patent royalties due and owing on its barcode readers 'that include a 2D image sensor'"). And the substance of OPTO's counterclaim concerns only the enforceability of

---

[4] Honeywell misleadingly crops its quotation of Paragraph 59 of OPTO's counterclaim leaving out the italicized language: "OPTO is entitled to a declaration that the licensed patents under the Agreement are unenforceable due to Honeywell's patent misuse *for the reasons set forth in Paragraphs 14-25 of OPTO's Affirmative Defenses*." Opposition 3 & 6. Paragraph 25 of OPTO's patent misuse affirmative defense limits the relief sought to OPTO's laser scanner sales: "*Honeywell's covenant not to sue places OPTO's laser scanning barcode readers* beyond the scope of the right to exclude inherent in the licensed patents" (emphasis added).

Honeywell's patents consistent with Honeywell's covenant not to sue in the parties' contract. The mere mention of "patent unenforceability" does not convert the contract-based counterclaim to any subject matter within this Court's exclusive jurisdiction.

This Court rejected such a form-over-substance approach to jurisdiction in *Jim Arnold*, 109 F.3d at 1567. That complaint in that case alleged breach of a licensing agreement as well as a count for "Patent Infringement" based on the alleged nullity of various patent assignment agreements. Yet this Court held that "[v]iewed in its entirety," the "complaint leaves no doubt that plaintiff's suit is premised on a state-law based set of claims arising out of an alleged breach of an assignment and royalty agreement." *Id.* at 1574. The Court concluded that the "Patent Infringement" cause of action did "not change the clear gravamen of the complaint," which concerned state contract law. *Id.* So too here, the Court should look to the substance of OPTO's counterclaim, which is premised on Honeywell's contractual covenant not to sue. The mere assertion of "patent unenforceability" in OPTO's counterclaim thus does not extend this Court's jurisdiction over these contract appeals.

Second, the history of this litigation leaves no doubt that OPTO's counterclaim presents no substantial question of patent enforceability beyond Honeywell's covenant not to sue. Motion 22. Honeywell urges this Court to ignore evidence of subsequent litigation conduct. Opposition 9–10. But this Court routinely looks to subsequent litigation conduct to understand the true nature of the claims pled. Rather than violating the "well-pleaded" complaint rule, this is vital to understanding the well-pleaded claim. *Xitronix Corp.*, 882 F.3d at 1076; *see also Old Dominion Elec. Co-op. v. PJM Interconnection, LLC,* 24 F.4th 271, 284 n.9 (4th Cir. 2022) (citing 14C Charles A. Wright et al., Federal Practice & Procedure § 3734 (rev. 4th ed. 2021)) (holding it proper to "consider[] matters outside of the" pleadings in jurisdictional analysis)).

The subsequent case history makes clear that "OPTO is not challenging the enforceability of any of Honeywell's patents" beyond Honeywell's covenant not to sue. Def. Response in Opp. to Pl. MSJ on Patent Misuse 1 (Dkt. 188). As stated in its counterclaim, the specific relief that OPTO seeks is limited exclusively to Honeywell's ability to collect royalties on OPTO's sales of its laser scanning products.

Given Honeywell's covenant not to sue and its expired patents, OPTO seeks a declaration that "the royalty collection provisions of the Settlement and License Agreement [are] unenforceable" because the "'license agreement provides royalties for post-expiration use of a patent.'" OPTO Patent Misuse MSJ 1-2 (quoting *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 459 (2015)).  Even the district court recognized (contra Opposition 10-11) that OPTO sought an order only "declaring the royalty collection provisions of the Agreement unenforceable."  SJ Order 17 n.11 (Dkt. 195).

Indeed, Honeywell does not dispute that the proper remedy for patent misuse here is holding the contract royalty provision unenforceable as to the specific OPTO products at issue.  *See* Motion 8; *Kimble*, 576 U.S. at 453.  Nor does Honeywell contest that questions of contract enforceability present no substantial federal patent questions.  Motion 13; *see also Jim Arnold Corp.*, 109 F.3d at 1572 ("It is well-settled" that causes of actions "based on rights created by a contract" are not ones "'arising under' the patent laws.").  Because the substance of OPTO's counterclaim is a creature of contract law, this case thus presents no substantial question of patent enforceability beyond Honeywell's contractual covenant not to sue.   This Court's jurisdiction thus is not implicated.

12

## CONCLUSION

For these reasons, this Court should dismiss these appeals for lack of appellate jurisdiction under 28 U.S.C. § 1295(a)(1).

Dated: December 11, 2023         Respectfully submitted,

                                 */s/ Brian D. Schmalzbach*
                                 Brian D. Schmalzbach
                                 MCGUIREWOODS LLP
                                 Gateway Plaza
                                 800 East Canal Street
                                 Richmond, VA 23219
                                 (804) 775-4746
                                 bschmalzbach@mcguirewoods.com

                                 *Counsel for OPTO Electronics Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,393 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, 14-point Book Antiqua font using Microsoft Word.

*/s/ Brian D.  Schmalzbach*
Brian D.  Schmalzbach

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, the foregoing was filed with

the Clerk of the United States Court of Appeals for the Federal Circuit using

the appellate CM/ECF system, which will also serve counsel of record.

*/s/ Brian D.  Schmalzbach*
Brian D.  Schmalzbach